USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/25/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HAMILTON SUNDSTRAND CORPORATION
and RATIER-FIGEAC SAS,

  Plaintiffs,

v.

AIRCRAFT PROPELLER SERVICE, LLC,

  Defendant.

NO. 1:19-CV-6472-(RA)

## STIPULATED PROTECTIVE ORDER

This matter having come before the Court by stipulation of Plaintiffs, Hamilton Sundstrand Corporation and Ratier-Figeac SAS and Defendant Aircraft Propeller Service, LLC, for the entry of a protective order pursuant to Fed. R. Civ. P. 26(c)(1), limiting the review, copying, dissemination and filing of confidential and/or proprietary documents and information to be produced by either party and their respective counsel or by any non-party in the course of discovery in this matter to the extent set forth below; and the parties, by, between and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown:

IT IS hereby ORDERED that:

1. This Stipulation is being entered into to facilitate the production, exchange and discovery of documents and information that the parties agree merit confidential treatment. A reference to "document" or "testimony" is understood to include all information contained therein, whether in hard copy, electronic, or other form whatsoever.

2. Either party may designate documents produced, or testimony given, in connection with this action as "Confidential," or "Highly Confidential" either by including as a notation on the document the phrase "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER", making a statement on the record of the deposition or during trial, or by providing written advice to the respective undersigned counsel for the parties hereto.

3. As used herein:

(a) "Action" means the case captioned *Hamilton Sundstrand Corporation and Ratier-Figeac SAS v. Aircraft Propeller Service LLC*, NO. 1:19-CV-6472-(RA)

(b) "Confidential Information" shall include all documents and testimony, and all information contained therein, and other information, in each case designated as Confidential, or Highly Confidential if such document or testimony contains trade secrets; proprietary business information; competitively sensitive information; technical data and information that is governed by any applicable export, import, and/or sanctions laws, regulations, orders, and authorizations, including but not limited to the International Traffic in Arms Regulations, 22 CFR 120-130 ("ITAR"), the Export Administration Regulations, 15 CFR 730 et seq. ("EAR"), and any regulations and orders administered by the Treasury Department's Office of Foreign Assets Control ("OFAC") Regulations, 31 CFR Chapter V; or other information the disclosure of which would, in the good faith judgment of the party designating the material as Confidential or Highly Confidential, be detrimental to the conduct of that party's business or the business of any of that party's customers, suppliers, or clients;

104929327.2

(c) documents or testimony may be designated "Highly Confidential" only if, in addition to satisfying the criteria for "Confidential Information," the document or testimony contains highly sensitive information that would have competitive value to either party to this Action or to industry participants that might be retained as experts in this Action, such that disclosure of such information to a party's employees (including employees of a party's affiliates) or experts would create a significant risk of competitive harm to the Producing party.

(d) "Producing party" shall mean the parties to this Action and any third-parties producing Confidential Information in connection with depositions, document production or otherwise, or the party asserting Confidential or Highly Confidential treatment, as the case may be.

(e) "Receiving party" shall mean the party to this Action and/or any non-party receiving Confidential Information in connection with depositions, document production or otherwise.

4. The Receiving party may, at any time, notify the Producing party that the Receiving party does not concur with the designation of a document or testimony as Confidential or Highly Confidential. If the Producing party does not agree to declassify such document or testimony, the Receiving party may move the Court for an order declassifying that document or testimony. If no such motion is filed, such document or testimony shall continue to be treated as Confidential Information or Highly Confidential Information, as the case may be. If such motion is filed, the documents or testimony shall be deemed Confidential Information or Highly Confidential Information, as the case may be, unless and until the Court rules otherwise.

104929327.2

5. (a) Except with the prior written consent of the Producing party or by Order of the Court, documents and testimony designated Confidential, and the information contained therein shall not be furnished, shown or disclosed to any person or entity except to:

(i) personnel of plaintiff or defendant actually engaged in assisting in the preparation of this Action for trial or other proceeding herein and who have been advised of their obligations hereunder;

(ii) counsel for the parties to this Action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this Action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

(iii) expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this Action or to give testimony with respect to the subject matter of this Action at the trial of this Action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 7 hereof;

(iv) the Court and court personnel, if filed in accordance with paragraph 13 hereof;

(v) an officer before whom a deposition is taken in this Action, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer, if furnished, shown or disclosed in accordance with paragraph 10 hereof;

(vi) hearing, trial and deposition witnesses, if furnished, shown or disclosed in accordance with paragraphs 9 and 10, respectively, hereof; and

-4-

(vii) any other person agreed to by the parties in writing.

(b) Except with the prior written consent of the Producing party or by Order of the Court, documents and testimony designated Highly Confidential, and the information contained therein shall not be furnished, shown or disclosed to any person or entity except to persons identified in paragraphs 5(a)(ii)-(vii), ***provided, however***, that no disclosure shall be made to an expert (i) that is an employee of a party to this Action, and (ii) until notice of the intended disclosure (which notice shall identify the name, address, and employer of the expert) has been provided to all parties without written objection for at least seven calendar days. The Court will entertain any objection to the disclosure of information designated Highly Confidential pursuant to this paragraph that is made within seven calendar days of receipt of notice of the intended disclosure.

(c) Before documents and testimony designated Confidential are produced to the individuals or entities specified in Section 5(a), the certifications found in Exhibit A and Exhibit B to this Order must be executed as follows:

(i) Before any personnel of plaintiff or defendants, receives Confidential-designated documents and/or testimony, a representative of that entity must sign Exhibit A and Exhibit B; and

(ii) Before any attorney or other personnel from plaintiff's counsel's law firm(s) or defendants' counsel's law firm(s) receives Confidential-designated documents and/or Testimony, a representative from each law firm must sign Exhibit B.

6. Confidential Information shall be utilized by the Receiving party, its counsel, and any other person receiving Confidential Information under section 5, only for purposes of this Action and for no other purposes.

104929327.2

7.      Before any disclosure of Confidential Information is made to an expert witness or consultant pursuant to paragraph 5(a)(iii) hereof, counsel for the Receiving party shall obtain from the expert/consultant (a) the expert's/consultant's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms; and (b) the expert's/consultant's signed Exhibit B certification. Counsel for the party obtaining the Exhibit A and Exhibit B certificates shall supply a copy to counsel for the other party at the time of the disclosure of the information, except that any certificates signed by an expert or consultant who will not be called as a witness at trial is not required to be supplied – though such experts and consultants must nevertheless sign both Exhibits which must be retained by the counsel or party that retained that expert/consultant.

8.      All depositions (understood to include testimony given and documents covered) shall presumptively be treated as Confidential Information and subject to this Stipulation during the deposition and for a period of fifteen (15) calendar days after a transcript of said deposition is received by counsel for each of the parties. At or before the end of such fifteen day period, the deposition shall be further classified or de-classified in accordance with this Stipulation.

9.      Should the need arise for any of the parties to disclose Confidential Information during any hearing or, trial in this Action, including through argument or the presentation of evidence, the disclosing party shall notify all other parties sufficiently in advance to give any other party a reasonable opportunity to invoke the rules of this Court concerning redaction. If such rules are timely invoked, the information covered by the disclosing party's notification will be handled in accordance with such rules. Otherwise, the information disclosure may proceed as initially notified by the disclosing party.

104929327.2

10. This Stipulation shall not preclude counsel for the parties from using during any deposition in this Action any document or testimony which has been designated as "Confidential Information" under the terms hereof. Any court reporter and deposition witness who is given access to Confidential Information shall, prior thereto, be provided with a copy of this Stipulation and shall execute the certificates annexed hereto as Exhibit A and Exhibit B. Counsel for the party obtaining the certificates shall supply a copy of them to counsel for the other party.

11. Confidential Information may only be used in this Action and solely for the purposes of prosecuting or defending the claims pled in this Action. Confidential Information may not be used in any other action or proceeding of any type, nor may Confidential Information be used for any business purpose. Confidential Information may not be disclosed in any manner except in accordance with the terms of this Stipulation. If any person receiving Confidential Information to which this Stipulation applies (the "Receiver") is served with a subpoena, request for production of documents, public records demand, or other similar legal process in another action or proceeding seeking such Confidential Information, the Receiver shall provide written notice to the Producing party, by e-mail or facsimile transmission, within three business days of receipt of such subpoena, request for production, or other legal process. The Receiver shall not produce the Confidential Information for a period of at least ten business days after providing the required notice to the Producing party. If, within five business days of receiving such notice, the Producing party provides written notice to the Receiver that the Producing party opposes production of the Confidential Information, to the fullest extent permitted by applicable law the Receiver shall reasonably cooperate with the Producing party (at the expense of the Producing Party) to the extent the Producing party objects to production and will not produce such

104929327.2

Confidential Information except pursuant to the written consent of the Producing Party or to an order from this Court expressly requiring the production of the Confidential Information.

12. A party may designate as Confidential Information or Highly Confidential Information, as the case may be, subject to this Stipulation any document or testimony produced or given by any non-party to this case, or any portion thereof. In the case of documents, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as such at any time up to fifteen (15) calendar days after actual receipt of copies of those documents by counsel for the party asserting the confidentiality claim. In the case of testimony, designation shall be made by notifying all counsel in writing of those portions of the transcript that are to be stamped or otherwise treated as Confidential or Highly Confidential at any time up to fifteen (15) calendar days after the transcript is received by counsel for the party asserting the confidentiality claim/designation. Prior to the expiration of such fifteen (15) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents and testimony shall be treated as Confidential Information.

13. A Receiving party who seeks to file with the Court any documents, transcripts, exhibits, answers to interrogatories, and/or other materials that have previously been designated as comprising or containing Confidential Information, and any pleading, brief or memorandum that reproduces, paraphrases or discloses Confidential Information, shall provide all other parties with seven (7) calendar days' written notice of its intent to file such material with the Court, so that the Producing party may invoke this Court's rules concerning redaction and sealing of such Confidential Information, asserting good cause for such redaction or sealing in accordance with such rules. The Confidential Information shall not be filed until the Court renders a decision on

the request to redact or seal, and then such information shall be handled in accordance with such decision and rules. In the event the motion to redact/seal is granted, all materials that are the subject of the order to seal, shall be filed in sealed envelopes or other appropriate sealed container on which shall be endorsed the caption of this Action, along with the words "CONFIDENTIAL MATERIAL- SUBJECT TO STIPULATED PROTECTIVE ORDER" as an indication of the nature of the contents, and a statement in substantially the following form: "This envelope, containing materials which are filed in this case by (name of party), is not to be opened nor are the contents thereof to be displayed or revealed other than to the Court, the parties and their counsel of record, except by order of the Court or consent of all the parties. Violation hereof may be regarded as contempt of the Court." All pleadings, briefs or memoranda that reproduce, paraphrase or disclose any materials that have previously been designated by a party as comprising or containing Confidential Information, shall identify such materials by the production number, if any, ascribed to them at the time of production.

14. Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

15. Any document or testimony that may contain Confidential Information that has been inadvertently produced or disclosed without identification as to its "Confidential" or "Highly Confidential" nature as provided in paragraphs 2 and/or 12 (or other provisions) of this Stipulation, may be so designated by the party asserting the confidentiality claim by written notice to the undersigned counsel for the Receiving party identifying the document or testimony as "Confidential" or "Highly Confidential" within a reasonable time following the discovery that the document or testimony has been produced or disclosed without such designation.

104929327.2

16. Extracts and summaries of Confidential Information or Highly Confidential Information shall be treated like any other Confidential Information or Highly Confidential Information, as the case may be, in accordance with the provisions of this Stipulation.

17. The production or disclosure of Confidential Information shall in no way constitute a waiver of each party's right to object to the production or disclosure of such Confidential Information or other information in this Action or in any other Action.

18. The provisions of this Stipulation shall, absent prior written consent of both parties, continue to be binding after the conclusion of this Action, except that a party may seek the written permission of the Producing party or further order of the Court with respect to dissolution or modification of the Stipulation.

19. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or information revealed in the course of any disclosure.

20. Within sixty (60) calendar days after the final termination of this Action by settlement or exhaustion of all appeals, all Confidential Information and Highly Confidential Information produced or designated and all reproductions thereof, shall be returned to the Producing party or shall be destroyed, at the option of the Producing party. In the event that any party chooses to destroy physical objects or electronically stored information, such party shall certify in writing within sixty (60) calendar days of the final termination of this Action that it has destroyed such physical objects and electronically stored information.

21. This Stipulation may be changed by further order of this Court.

104929327.2

Stipulated and agreed:

| PLAINTIFFS HAMILTON SUNDSTRAND CORPORATION & RATIER-FIGEAC SAS | AIRCRAFT PROPELLER SERVICE, LLC |
|---|---|

By:     /s/ Mitchell R. Harris
    Mitchell R. Harris
    Day Pitney LLP
    242 Trumbull Street
    Hartford, Connecticut 06103
    Phone (860) 275-0100
    Fax (860) 881-2502
    mrharris@daypitney.com

By:     /s/ Thomas Bell
    Albert J. Givray
    Thomas Bell
    Davis Graham & Stubbs LLP
    1550 17th Street
    Ste. 500
    Denver, CO 80202
    303-892-9400
    Fax: 303-893-1379
    Email: al.givray@dgslaw.com
    Email: tom.bell@dgslaw.com

SO ORDERED:

Dated:     02-25-20
    New York, New York

Ronnie Abrams
United States District Judge

This stipulation binds the parties to treat as confidential the documents so classified. The Court makes no finding as to whether the documents are confidential. Moreover, the Court does not endorse any provision which purports to authorize the parties to file documents under seal without a prior court order.

## EXHIBIT A

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HAMILTON SUNDSTRAND CORPORATION and RATIER-FIGEAC SAS, <br><br> Plaintiffs, <br><br> v. <br><br> AIRCRAFT PROPELLER SERVICE, LLC, <br><br> Defendant. | NO. 1:19-CV-6472-(RA) |

I, _____, state that:

1. My address is _____.

2. My present employer is

_____.

3. My present occupation or job description is

_____.

4. I have received a copy of the Stipulated Protective Order (the "Stipulation") entered in the above-entitled action on _____.

5. I have carefully read and understand the provisions of the Stipulation.

6. I will comply with all of the provisions of the Stipulation.

7. I will hold in confidence, will not disclose to anyone not qualified under the Stipulation, and will use only for purposes of this action, any Confidential Information that is disclosed to me.

104929327.2

8. I will permanently destroy all Confidential Information that comes into my possession or control, and documents or things that I have prepared relating thereto to the extent they contain or reflect Confidential Information, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.

9. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulation in this action.

Dated: _____      _____

## Exhibit B

## LITIGATION ITC-COMPLIANCE CERTIFICATION

1) I, and my law firm and/or company, are "U.S. Persons" as defined in 22 C.F.R. section 120.15.

2) I, and my law firm and/or company, agree that only "U.S. Persons" as defined in 22 C.F.R. section 120.15 will review or have access to any and all documents and/or testimony designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.

3) I, and my law firm and/or company, agree that all documents and/or testimony designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER will not be disseminated to any person, including but not limited to expert witnesses, consultants, court reporters, support staff, etc., that are not U.S. Persons (as that term is defined at 22 CFR. 120.15 and hereafter "U.S. Person" or "U.S. Persons"), or that are named on any restricted, debarred or denied party/individual/entity list maintained by relevant government agencies (including but not limited to the Department of State, Commerce Department, and the Treasury Department's Office of Foreign Assets Control Regulations).

4) I, and my law firm and/or company, will maintain any documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER and HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, and any copies of those documents whether in electronic or hard copy form, in a secure location to ensure that only U.S. Persons will have access to them.

5) I, and my law firm and/or company, agree that neither I nor anyone from my law firm and/or company will travel outside the United States with any documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER and/or HIGHLY

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, and that neither I nor anyone in my law firm and/or company will send any documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER and/or HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER outside of the United States to any person, even if the person located outside the United States is a U.S. Person.

6) I, and my law firm and/or company, agree that no documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER and/or HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER will be saved to any network, server or cloud-based IT storage system that: (a) is geographically located outside the United States; and/or (b) saves/transmits such documents to networks, servers or cloud-based storage systems located outside the United States; and/or (c) is or can be accessed or utilized from a location outside the United States. Instead, I and my law firm or company will transmit such documents on a non-Cloud medium whose chain of custody can be assured through U. S. Persons only.

7) I, and my law firm and/or company, understand that non-compliance with "U.S. Export Control Laws" in the dissemination of documents, testimony, or information in the above-referenced matter may result in civil and/or criminal penalties.

Name:_____

On Behalf Of: _____

Address: _____

_____

Signature:_____

[Or] Signed in the presence of: _____

(Attorney)